IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CASE NO. 13CV1206 SMV-RHS

FRANK BLACKMOON, and
ZIOMARA IBARRA-BLACKMOON,

    Plaintiffs,

v.

ROBERT M. DOWNEY, P.A., and
ROBERT M. DOWNEY, an individual

    Defendants.

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR TO TRANSFER VENUE UNDER 28. U.S.C. §1404; AND DECLARATION OF ROBERT M. DOWNEY IN SUPPORT THEREOF

**COME NOW** Defendants Robert M. Downey, P.A., and Robert M. Downey, (hereinafter "Defendants") and hereby submit their Reply in Support of Their Motion To Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue, or To Transfer Venue Under 28 U.S.C. §1404(a).

### UNDISPUTED TRUTHS

Plaintiffs have set forth no facts that substantiate this Court has personal jurisdiction over either of the named Defendants. Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. "Where a defendant raises a timely challenge contesting personal jurisdiction, the plaintiff bears the burden of establishing that there is personal jurisdiction over the defendant and that the exercise of personal

1

jurisdiction would not violate due-process requirements." Walker v. THI of N.M. at Hobbs Ctr., 801 F. Supp. 2d 1128, 1139 (D.N.M. 2011).

In Walden v. Fiore, 134 S.Ct. 1115 (2014), the US Supreme Court considered a case extremely similar to the one at bar.  Defendant, a Georgie police officer, was sued in Nevada for acts he committed in Georgia.  Plaintiff Walden claimed that Defendant prepared a false probable cause affidavit to support a forfeiture of Plaintiff's cash in Georgia, knowing Plaintiff lived in Nevada; and knowing the submission of the probable cause affidavit would affect persons with a significant connection to Nevada.  Plaintiff claimed this was sufficient for the Nevada federal court to exercise personal jurisdiction over the Georgia resident/defendant.

The Court found to the contrary and stated the inquiry of whether a forum State may assert jurisdiction over a nonresident defendant focuses on "the relationship among the defendant, the forum, and the litigation."  Walden, *supra*, citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984).  The Court was steadfast that the "relationship must arise out of contacts that the "*defendant himself*" creates with the forum State, citing Burger King v. Rudzewicz, 471 U.W. 462, 475 (1985).  Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties.  Walden, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-292.

Here, the one and only nexus to New Mexico is Plaintiffs' current residence in the state.  It remains undisputed that the defendants did not create a relationship with New Mexico and have no contacts whatsoever with New Mexico.  Due process requires that a defendant be hauled into court in a forum State based upon his own affiliation with the State, not based on the

2

random,, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the state. Burger King, 471 U.S. at 475.

Second, Plaintiffs have set forth no facts that prove that venue is proper in the District of New Mexico pursuant to 28 U.S.C. §1391(b).  Courts have articulated and relied on the premise that alleged tortious acts arising out of a personal service, such as the service of an attorney or physician, cannot reasonably be considered "portable torts" that are "committed" wherever the consequences foreseeably were felt. See Tarango, 94 N.M. at 729(citing Wright v. Yackley, 459 F.2d 287 (9th Cir. 1972)). The "events or omissions giving rise to the claim" referred to in 28 U.S.C. §1391(b)(2) are, in this case, the alleged acts or omissions *by the Defendants*, all of which allegedly occurred in *Florida*, and *none* of which have any relevance to New Mexico. Furthermore, 28 U.S.C. §1406(a) states "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." Id.

Plaintiffs further appear to agree that if this Court were not to dismiss Plaintiffs' claims for lack of jurisdiction and venue, the case should be transferred to the Southern District of Florida.  "In a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law." Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1169 (10th Cir. Wyo. 2010)(citing Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567-68 (10th Cir. 1978).

**AFFIDAVITS SUBMITTED**

Plaintiffs both submitted Affidavits, as did their co-inventor, James Craig.  First and foremost, Defendants affirmatively deny all opinions, conclusions and unsupported allegations set forth in all three (3) affidavits.  These claims are extremely incendiary allegations.  Such

3

allegations are destined to be contested to the fullest extent when this case is decided on its merits.  Regardless, the vast majority of these highly inflammatory allegations are irrelevant to the issues before this Court.

A sampling of superfluous, irrelevant, immaterial and highly inflammatory allegations from Plaintiff Frank Blackmoon are:  "I conclude Mr. Downey perjured himself"; "Mr. Downey, a lawyer, has some answering to do"; "Mr. Downey is not believable"; "…Mr. Downey's unethical business practices"; and "…it is way more likely than not …that Robert M. Downey…cashed the money orders…resulting in the corruption of his business's bookkeeping." These allegations should all be stricken from the pleadings in this matter.  Pursuant to Rule 11(f), Fed.R.Civ.Pro., "The court may strike from a pleading …. any redundant, immaterial, impertinent, or scandalous matter."  Id.   None of the allegations contained in any of the three affidavits submitted by Plaintiffs are in any way related to pleading a response to the Motion filed by Defendants that is now before this Court.  Thus, at a bare minimum all information contained in the affidavits mentioned above are impertinent and should be entirely stricken from the pleadings before this Court.  See Blacks Law Dictionary, Fifth Edition, for impertinent:  "that which does not belong to a pleading… 'or'… "A term applied to matter not necessary to constitute the cause of action or ground of defense."  Id.

As can be seen from a reading of the Affidavits themselves and content of material allegations contained in the body of Plaintiffs' Response to the Motion to Dismiss, it is entirely unnecessary to address any of the substantive allegations contained in the affidavits for the Court to fairly decide this Motion.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss should be granted pursuant to Rules 12(b)(2) and 12(b)(3). Accordingly, the Plaintiffs' First and Second claims should be dismissed. In the alternative, this action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. §1404(a).

>   Respectfully submitted,
>
>   BEALL & BIEHLER
>
>   By:   */s/ Josh A. Harris*
>   Josh A. Harris
>   Attorneys for Defendants
>   6715 Academy NE
>   Albuquerque, NM  87109
>   505/828-3600
>   505/828-3900 *fax*

I hereby certify that a true and correct copy of the foregoing
was sent via electronic mail to:

Frank Blackmoon
Ziomara Ibarra-Blackmoon
HC-61 Box 3011
Ramah, NM  87321
Phone: 505-903-9657
Fax: 505-775-3042
frankblackmoon@aol.com

on this **7th** day of **April, 2014**.

   */s/ Josh A. Harris*
*Josh A. Harris*