IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK BLACKMOON and
ZIOMARA IBARRA-BLACKMOON,

    Plaintiffs,

v.                                                                                                                    No. 13-cv-1206 SMV/RHS

ROBERT M. DOWNEY, P.A., and
ROBERT M. DOWNEY,

    Defendants.

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue, or to Transfer Venue Under 28 U.S.C. § 1404 [Doc. 13] ("Motion"), filed on January 17, 2014. Plaintiff responded on March 24, 2014. [Doc. 22]. Plaintiffs replied on April 7, 2014. [Doc. 23]. The Court, having reviewed the briefing and the relevant law and being otherwise fully advised in the premises,[1] finds that the interests of justice require that this case be transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1406(a) and § 1631. Accordingly, the Motion shall be GRANTED with respect to Defendants' request for transfer.

Plaintiffs, filing pro se, instituted this civil suit on December 19, 2013, claiming breach of contract and negligence against Defendants. [Doc. 1] at 1, 12–14. Plaintiffs allege that in 1999, they retained Defendants as counsel in connection with obtaining U.S. Patent No. 6,337,618 ("'618 Patent"). *Id.* at 4–5. At the time, all parties were Florida residents. *Id.* at 7–8. The '618

---

[1] No hearing is necessary because the motion can be decided on the briefing.

Patent was issued on January 8, 2002.  [Doc. 1-2] at 2.  In 2007, Plaintiffs relocated from Miami, Florida, to Ramah, New Mexico.  [Doc. 1] at 7.  Plaintiffs allege that the parties maintained their attorney-client relationship and that Defendants caused the '618 Patent to expire on January 8, 2010, by failing to maintain a correct correspondence address with the U.S. Patent and Trademark Office, forward expiry notices to Plaintiffs, or pay the required maintenance fee for the patent.  *Id.* at 9–12; [Doc. 1-3] at 8.

In their motion, Defendants request that the Court dismiss Plaintiffs' claims due to lack of personal jurisdiction and improper venue.  [Doc. 13] at 1.  In the alternative, they request that the case be transferred to the United States District Court for the Southern District of Florida.  *Id.*  Citing to *Walden v. Fiore*, 134 S. Ct. 1115 (2014), Plaintiffs agree that this Court does not have personal jurisdiction over Defendants.  *See* [Doc. 22] at 3.  Plaintiffs also agree that venue is improper in this Court and that the case should be transferred to the Southern District of Florida.  *Id.*

The Court finds that Defendants lack the minimum contacts with New Mexico necessary to establish personal jurisdiction.  *See Walden*, 134 S. Ct. at 1122–23 (noting that the plaintiff cannot be the only link between the defendant and the forum); *Trujillo v. Williams*, 465 F.3d 1210, 1220–21 (10th Cir. 2010).  However, before Plaintiffs' claims may be dismissed, the Court must evaluate the whether the interests of justice merit transfer under § 1406(a) and § 1631.  *See Trujillo*, 465 F.3d at 1223.  In making this determination, the Court should consider factors including whether a newly filed action would be time barred, whether the claims presented are clearly meritless, and whether the original action was filed in good faith.  *Id.* at 1223 n.16; *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

Examining these factors, the Court determines that the interests of justice merit transfer rather than dismissal.  First, the Florida statute of limitations provides that actions based on negligence and breach of a non-written contract must be brought within four years.  Fla. Stat. §§ 95.031, 95.11(3)(a) (2013).  Plaintiffs filed the instant action within four years of the expiration of the '618 Patent.  However, if Plaintiffs were forced to re-file their lawsuit in the Southern District of Florida, a reasonable jurist could determine that some of their claims were no longer timely.  Accordingly, the first factor weighs in favor of transfer.  Second, a peek at the merits of Plaintiffs' claims does not immediately reveal that they are meritless.  *Cf. Haugh*, 210 F.3d at 1150 (finding transfer unwarranted where claims were meritless).  Third, Plaintiffs are pro se litigants and the Court is not convinced that they did not file the instant action in good faith.  Lastly, the parties agree that transfer is warranted.  [Doc. 13] at 15; [Doc. 22] at 3.  Accordingly, the Court will order that this case be transferred.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue, or to Transfer Venue . . . [Doc. 13] is **GRANTED** to the extent that this case is transferred to the United States District Court for the District of Southern Florida pursuant to  28 U.S.C. § 1406(a) and § 1631.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**