IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FRANK BLACKMOON, and ZIOMARA IBARRA-BLACKMOON, | ) ) ) |
| Plaintiffs, | ) ) Case No. 9:14-cv-80537-KMM ) |
| v. | ) ) ) |
| ROBERT M. DOWNEY, P.A., and ROBERT M. DOWNEY, an individual | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

COMES NOW, Plaintiffs, Frank Blackmoon and Ziomara Ibarra-Blackmoon, by and through undersigned counsel, and submit this Brief in Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint. Plaintiffs have filed a Second Motion for Leave to Amend the Complaint [CM/ECF 50] ("Second Motion to Amend"), which Plaintiffs believe renders moot Plaintiffs' First Motion for Leave to Amend the Complaint. However, because the substantive difference in the Second Amended Complaint is the removal of a claim that a Master Lock, LLC product infringed upon the Patent, Plaintiffs believe that the Second Motion to Amend presents the same issues addressed here and therefore in an abundance of caution files this Reply.

Defendants argue that Plaintiffs' Motion to Amend should not be granted because the added claim of Breach of Fiduciary Duty is time-barred by Florida's 2 year statute of limitations for claims of professional malpractice. Plaintiffs have already briefed the Court on why their claims were brought within Florida's 2 year statute of limitations for claims of professional

malpractice in Plaintiffs' Response in Opposition to Defendants' Amended Motion to Dismiss [CM/ECF 40].

Plaintiffs' claims, including a claim for Breach of Fiduciary Duty, did not accrue until January 8, 2012, when the Patent permanently expired. Pls.' Resp. in Opp. To Defs.' Am. Mot. to Dismiss at 4-7.  Plaintiffs' Complaint was filed on December 19, 2013, within any 2 year statue of limitations.

Assuming arguendo, that the actionable damage occurred on January 8, 2010 as Defendants claim, dismissal of Plaintiffs' claims, including a claim for Breach of Fiduciary Duty, is still inappropriate. Plaintiffs allege that they were not aware of the Patent's expiration until February 11, 2013. *See* Compl. ¶¶ 40-46; Am. Compl. ¶ 46.  The determination of whether Plaintiffs should have known of the actionable damage at an earlier time is a question of fact, not a question of law to be determined by the court in a summary proceeding. *E.g. Miami Beach First Nat. Bank v. Edgerly*, 121 So. 2d 417, 418, 422 (Fla. 1960); *Schetter v. Jordan*, 294 So. 2d 130, 131 (Fla. 4th DCA, 1974) ("The applicability of the statute of limitations to the plaintiff's cause of action for malpractice against the attorney-defendant is dependent upon when the attorney's alleged act of negligence became known to the client which matter is a question of fact to be determined by the trier of fact and not by the court in a summary proceeding").  As Plaintiffs brought this action within 2 years of learning of the actionable damage for their claims, their claims, including a claim for Breach of Fiduciary Duty, are not barred by the statute of limitations as a matter of law.

Alternatively, Plaintiffs' should be allowed to amend the Complaint to include a claim for Breach of Fiduciary Duty because there is a question of fact as to whether the breach occurred during the attorney-client relationship between Plaintiffs and Defendants.  Defendants have

previously made the claim that their attorney-client relationship with Plaintiffs terminated in 2002. Defs. Mot. to Dismiss [CM/ECF 13] 2, 3, Ex. C ("When the patent issued in 2002, i.e., the point at which the parties' relationship terminated….") ("Defendants sent yet another letter to Plaintiffs, to the Florida forwarding address, again confirming the termination of the relationship."). If the attorney-client relationship was indeed terminated in 2002, a 4 year statute of limitations applies to Plaintiffs' claim for Breach of Fiduciary Duty. In which case, Plaintiffs' claim, which Defendants' assert accrued in January 2010, was brought within the statute of limitations. As such, there is a question of fact as to whether Plaintiffs' claim for Breach of Fiduciary Duty is time barred and the issue is inappropriate for determination by the Court in a summary proceeding. *Cf. Miami Beach First Nat. Bank v. Edgerly*, 121 So. 2d 417, 418, 422 (Fla. 1960); *Schetter v. Jordan*, 294 So. 2d 130, 131 (Fla. 4th DCA, 1974); *Magic World Inc. v. Icardi*, 483 So. 2d 815, 817 (Fla. 5th DCA 1986); *Burnside v. McCrary*, 382 So. 2d 75, 76 (Fla. 3d DCA 1980).

Dated: August 22, 2014.

                Respectfully submitted,

                TAMAROFF & TAMAROFF, P.A.
                169 East Flagler Street, Suite 1633
                Miami, Florida 33131
                Tel:  (305) 350-7440
                Fax: (305) 350-7441
                admin@tamarofflaw.com

            By:  /s/ David F. Tamaroff.
                **DAVID F. TAMAROFF, Esq.**
                Florida Bar No. 92084
                david@tamarofflaw.com
                *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 22nd day of August, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

              By: /s/ David F. Tamaroff.
                 **DAVID F. TAMAROFF**